Filed 4/4/25  P. v. Wyatt CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B336294 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA017486) |
| v. | |
| RICKY WYATT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Affirmed.

Jerome McGuire, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General for Plaintiff and Respondent.

Ricky Wyatt challenges the trial court's order finding him ineligible for recall and resentencing under Penal Code[1] section 1172.75. The trial court found Wyatt ineligible for resentencing because he was not serving a sentence that included a prior prison term enhancement imposed pursuant to section 667.5, subdivision (b). We affirm the trial court's ruling.

## PROCEDURAL HISTORY

In 1994, an information charged Wyatt with 23 felony offenses including multiple counts of burglary, robbery, forcible rape, and forcible sodomy, among other crimes. The information alleged: (1) as to counts 10 and 11, that Wyatt personally inflicted great bodily injury on the victims (§ 12022.7); (2) as to counts 1 through 3 and 5 through 22, that the victims were 65 years of age or older (§ 667.9); (3) as to counts 1 through 3 and 5 through 22, Wyatt suffered two prior serious felony convictions within the meaning of section 667, subdivision (a) for armed robbery in case No. A026622, and for armed robbery and residential burglary in case No. A034628; (4) as to all counts, that Wyatt served two separate prior prison terms within the meaning of 667.5, subdivision (b), for armed robbery in case No. A026622, and for armed robbery, residential burglary, and grand theft auto in case No. A034628; (5) as to all counts, that Wyatt was convicted of armed robbery in case No. A026622, armed robbery in case No. A034628, residential burglary in in case No. A034628, and grand theft auto in case No. A034628, within the meaning of

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

section 1203, subdivision (e)(4); and (6) as to counts 10 and 11, that Wyatt was a habitual offender who inflicted great bodily injury or personally used force likely to produce great bodily injury, and served two prior prison terms for armed robbery in case No. A026622 and for armed robbery and residential burglary in case No. A034628 within the meaning of section 667.7, subdivision (a).

The jury found Wyatt guilty of all substantive charges, and found true, pursuant to section 667.9, allegations that the victims were 65 years of age or older in numerous counts. The jury made no findings with respect to section 667.5, subdivision (b).[2]

In a bifurcated proceeding, Wyatt admitted that he suffered two prior serious and/or violent felony convictions within the meaning of section 667, subdivision (a) and section 667.7, subdivision (a), for armed robbery in case No. A026622, and for armed robbery and residential burglary in case No. A034628. Wyatt did not admit to having served prior prison terms within the meaning of section 667.5, subdivision (b). Wyatt did not admit for any purpose the grand theft auto conviction in case No. A034628, which was alleged in conjunction with one of the section 667.5, subdivision (b) enhancements.

The trial court sentenced Wyatt to a determinate term of 131 years four months, plus an indeterminate term of life in prison in count 10 pursuant to section 667.7, subdivision (a). The trial court imposed and stayed a second term of life in prison in count 11 pursuant to section 667.7, subdivision (a).

---

[2] In the opening brief, Wyatt highlighted that the probation report indicated that the jury found section 667.5, subdivision (b) enhancements true on "Counts 1 through 23." In supplemental briefing, Wyatt concedes that the probation report was incorrect.

In 2022, the Department of Corrections and Rehabilitation identified, pursuant to section 1172.75, that Wyatt was a person in custody currently serving a term for a judgment that included a section 667.5, subdivision (b) enhancement, and was therefore potentially eligible for full resentencing. The trial court reviewed the record and held an eligibility hearing. The court found that Wyatt was *not* serving a prison term that included a section 667.5, subdivision (b) enhancement, and therefore was ineligible for resentencing under section 1172.75.

## DISCUSSION

On January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) became effective. Senate Bill No. 483 added to the Penal Code section 1171.1 (now 1172.75), which provides: "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code is legally invalid." (*Id.*, subd. (a).) The statute directs the Department of Corrections and Rehabilitation to identify "persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)"—i.e., a section 667.5, subdivision (b) enhancement—and to transmit the information to the sentencing court that imposed the enhancement. (*Id.*, subd. (b).) "Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current

4

judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).) "[S]ection 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; § 1172.75, subd. (d).)

Wyatt asserts that the allegations that he served prior prison terms within the meaning of section 667.5, subdivision (b) in connection with a conviction for armed robbery and a separate conviction for armed robbery, residential burglary, and grand theft auto could no longer support legally valid sentence enhancements. Wyatt recognizes that the trial court did not expressly impose a section 667.5 subdivision (b) enhancement in his case. He instead contends that he is entitled to full resentencing based on the following argument: the life sentences imposed on him were based on section 667.7, subdivision (a)(1); by the terms of section 667.7, those life sentences could only be imposed if there was an allegation and finding that he served two prior separate prison terms under section 667.5, subdivision (b); and section 1172.75 has since rendered any such allegations and findings legally invalid.

Wyatt does not explain how the language of section 1172.75 supports his interpretation. The plain language of the statute offers no support for his conclusion that any prior prison term *allegations* and *findings* are invalid. It states only that "[a]ny sentence *enhancement that was imposed* prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, [with stated exceptions] . . . is legally invalid." (Italics added.) Section 1172.75, subdivision (a) invalidates some enhancements imposed under section 667.5, subdivision (b); however, it does not

5

invalidate prior prison term allegations or findings. Section 1172.75 does not address section 667.7 in any way.

The alternative sentencing scheme for habitual offenders set forth in section 667.7, subdivision (a)(1) provides that "[a]ny person convicted of a felony in which the person inflicted great bodily injury as provided in [s]ection 12022.53 or 12022.7, or personally used force which was likely to produce great bodily injury, who has served two . . . prior separate prison terms *as defined* in [s]ection 667.5" shall be sentenced to life in prison and ineligible for release on parole for 20 years. Section 667.7, subdivision (a)(1) is not an enhancement, and it is not *imposed pursuant to section 667.5, subdivision* (*b*). Section 667.7, subdivision (a) requires that the person have served two prior prison terms *as defined* in section 667.5. Section 667.7, subdivision (a) draws from section 667.5—which is comprised of 11 subdivisions—*as a whole* to define prior separate prison terms. Section 667.7's definition of prior prison terms is not confined to subdivision (b).

Moreover, section 667.7, subdivision (a) does not require that a section 667.5, subdivision (b) enhancement be imposed, or even alleged, to operate. Section 667.7, subdivision (b) provides that "the prior prison terms [must be] alleged *under this section* in the accusatory pleading[.]" (Italics added.) The prosecution is not required to allege a prior prison term under *any* subdivision of section 667.5 to seek a life sentence under section 667.7, subdivision (a), and the court is not required to impose a section 667.5 enhancement to sentence a defendant as a habitual offender.

In supplemental briefing, Wyatt contends that the trial court implicitly imposed and struck the section 667.5,

subdivision (b) enhancements alleged in the information as a basis for imposing the life sentences pursuant to section 667.7, subdivision (a).  He relies on *People v. Espino* (2024) 104 Cal.App.5th 188 (rev. granted Oct. 23, 2024, S286987), in which the Court of Appeal, Sixth District held that full resentencing pursuant to 1172.75 was warranted for imposition of a now-invalid section 667.5, subdivision (b) enhancement, even though the court struck the punishment.  Even if we assume, for sake of argument, that *Espino* was correctly decided, it is inapposite. Here, nothing in the record of conviction demonstrates that the trial court imposed and struck enhancements pursuant to section 667.5, subdivision (b).

In a bifurcated proceeding, Wyatt admitted that he suffered two prior serious and/or violent felony convictions for armed robbery in case No. A026622, and for armed robbery and residential burglary in case No. A034628 as "alleged in [section] 667.7[, subdivision] (a),] as well as in [section] 667[, subdivision (a)]."  Wyatt did not admit for any purpose the grand theft auto conviction in case No. A034628, which was alleged in conjunction with one of the section 667.5, subdivision (b) enhancements. Wyatt did not admit prior convictions as alleged pursuant to section 667.5, subdivision (b).

At sentencing, when imposing the life sentences in counts 10 and 11, the court stated:  "It comes out to a life term, but the law reads, as I understand it, that there cannot be any parole consideration for 20 years based upon the sentence that I just gave the defendant which has to do with the [section 12022.7 great bodily injury] finding as true and with the two serious priors that have been found true.  [¶]  Because I have used those [prior conviction admissions] insofar as [section] 667.7,

7

[subdivision] (a), I understand that I cannot and do not and should not use the priors again later for any purpose of enhancement or additional sentencing, and I don't intend to do so. . . . [¶] The [section] 665[, subdivision] (a) priors, I will impose five years, but those five years will both be stayed, so all of those 10 years will be stayed because of the sentence I just gave under [section] 667.7[, subdivision] (a)." The court did not reference the section 667.5, subdivision (b) allegations in sentencing.

In sum, the prior prison terms were alleged under section 667.7, subdivision (a) in the information, Wyatt admitted the convictions as alleged in the information pursuant to section 667.7, subdivision (a), and the trial court imposed the life sentences pursuant to section 667.7, subdivision (a). Wyatt did not admit and the trial court did not implicitly impose and strike enhancements pursuant to section 667.5, subdivision (b). Because Wyatt is not "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)", Wyatt is not eligible for resentencing pursuant to section 1172.75. (§ 1172.75, subd. (b).)

8

**DISPOSITION**

We affirm the trial court's order.
NOT TO BE PUBLISHED.


                                        MOOR, J.

WE CONCUR:


        HOFFSTADT, P. J.


        BAKER, J.


9